Robert V. Prongay (SBN 270796)
Charles Linehan (SBN 307439)
Pavithra Rajesh (SBN 323055)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff Movants*
*Srikanth Chakkilam and Ehab Hosny*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NAWAF ALWAZZAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 8:20-cv-01533-JVS-JDE |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SRIKANTH CHAKKILAM AND EHAB HOSNY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| v. | |
| STAAR SURGICAL COMPANY, CAREN L. MASON, DEBORAH ANDREWS, and PATRICK F. WILLIAMS, | |
| Defendants. | |
| SHARON ZHANG, Individually and On Behalf of All Others Similarly Situated, | Case No. 8:20-cv-01660-JVS-JDE |
| Plaintiff, | |
| v. | |
| STAAR SURGICAL COMPANY, CAREN L. MASON, DEBORAH ANDREWS, and PATRICK F. WILLIAMS, | |
| Defendants. | |

MEMORANDUM OF LAW

Lead Plaintiff Movants Srikanth Chakkilam and Ehab Hosny (together, "Movants") respectfully submit this memorandum of law in support of their motion to consolidate the above-captioned actions, to appoint Movants as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired STAAR Surgical Company ("STAAR" or the "Company") between February 26, 2020 and August 10, 2020, inclusive ("Class Period").

## I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Movants are the "most adequate plaintiff" as defined by the PSLRA.

Movants have "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and they are committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Movants' selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial

expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

STAAR designs, develops, manufactures, and sells implantable lenses for the eye and companion delivery systems used to deliver the lenses into the eye. Its primary products are implantable Collamer lenses ("ICLs") used in refractive surgery and intraocular lenses ("IOLs") used in cataract surgery.

On August 5, 2020, after the market closed, STAAR reported its financial results for the second quarter 2020, which ended July 3, 2020. Specifically, the Company reported net sales of $34.2 million (down 11% from the prior year quarter), and ICL sales of $30.7 million (down 11% from the prior year quarter."

On this news, the Company's share price fell $5.95, or 10%, to close at $55.86 per share on August 6, 2020.

On August 11, 2020, J Capital Research published a report alleging, among other things, that the Company had "overstated sales in China by at least one-third, or $21.6 mln. That would mean that all of the company's $14 mln in 2019 profit is fake."

On this news, the Company's share price fell $3.17, or 6.2%, to close at $48.25 per share on August 11, 2020.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that the Company was overstating and/or mischaracterizing: (1) its sales and growth in China; (2) its marketing spend; (3) its research and development expenses; and that as a result of the foregoing, (4) Defendants' public statements were materially false and misleading at all relevant times.

---

[1] This section has been adapted from the complaints filed in the above-captioned actions.

MEMORANDUM OF LAW

2

## III.   PROCEDURAL HISTORY

On August 19, 2020, plaintiff Nawaf Alwazzan commenced a class action lawsuit against STAAR and certain of its executive officers, captioned *Alwazzan v. STAAR Surgical Company, et al.*, Case No. 8:20-cv-01533 (the "*Alwazzan* Action"). The *Alwazzann* Action is brought on behalf of persons and entities who purchased or otherwise acquired STAAR common stock between February 26, 2020 and August 10, 2020.

On September 1, 2020, plaintiff Sharon Zhang commenced a substantially similar action in this District against the same defendants as the *Alwazzan* Action, captioned *Zhang v. STAAR Surgical Company, et al.*, Case No. 8:20-cv-01660 (the "*Zhang* Action," and together with the *Alwazzan* Action, the "Related Actions"). The *Zhang* Action is brought on behalf of investors who purchased or otherwise acquired STAAR securities between February 26, 2020 and August 10, 2020.

## IV.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002

WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Securities Act of 1933 and the Exchange Act).

### B. Movants Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movants have complied with all of the PSLRA's requirements and satisfy all of the PSLRA criteria to be appointed lead plaintiff. Movants, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Federal Rule of Civil Procedure 23, and are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the

controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Movants' Motion Is Timely

On August 19, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Movants had sixty days or until October 19, 2020, to file a motion to be appointed as Lead Plaintiff. As purchasers of STAAR securities during the Class Period, Movants are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint and are willing to serve as representatives of the class. Linehan Decl., Ex. B. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the class.

### 2. Movants Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Movants purchased STAAR securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movants believe they

have the "largest financial interest in the relief sought by the Class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3.    Movants Satisfy The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . . " and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)    Movants' Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed

lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants purchased STAAR securities during the Class Period and suffered losses as a result of their transactions. Like all members of the Class, Movants allege that defendants violated federal securities laws by disseminating materially misleading statements concerning STAAR' operations and financial prospects. Movants' losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of STAAR securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movants' interests and claims are typical of the interests and claims of the Class.

### b) Movants Are Adequate Representatives

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Movants easily satisfy the adequacy requirements. Movants' financial interest demonstrates that they have sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movants are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Mr. Chakkilam resides in Collin County, Texas and has a Master's Degree in Computer Science. *See* Linehan Decl., Ex. D, at ¶ 2. He owns a software company and has been managing his own investment portfolio for approximately 12 years. *Id.* Mr. Hosny resides in Hillsborough County, Florida and has a Master's Degree in Business Administration. *Id.* at ¶ 3. He is a Senior IT Manager and has been managing his own investment portfolio for more than 2 years. *Id.* Moreover, Movants have retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. E (the firm's résumé). In addition, Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

**C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Movants have retained GPM to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event Movants are appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit E, the Court may be assured that, by

granting Movants' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Srikanth Chakkilam and Ehab Hosny as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  October 19, 2020            Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles Linehan*
Robert V. Prongay
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Attorneys for Lead Plaintiff Movants*
*Srikanth Chakkilam and Ehab Hosny*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On October 19, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2020, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan